

ATTORNEYS AT LAW

**CityPlace Tower**
525 Okeechobee Boulevard | Suite 1200
West Palm Beach, Florida  33401-6350
P.O. Box 150 | West Palm Beach, Florida 33402-0150
561.659.7070 | fax 561.659.7368
www.CFJBLaw.com

Atlanta
Hartford
Miami
New York
Orlando
St. Petersburg
Tallahassee
Tampa
Washington, DC
**West Palm Beach**

Jennifer A. Yasko
561.650.8047
jyasko@CFJBLaw.com

December 16, 2015

The Honorable Robert M. Levy                                                                                      **Via ECF**
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

        Re:    *Sprint Communications Company L.P., et al. v. Discount Cellular Plus, Inc. and Chaim Weiss, et al.,* Case No. 12-CV-04068 (ARR)(RML)
United States District Court for the Eastern District of New York

Dear Judge Levy:

      We represent Plaintiffs Sprint Solutions, Inc. and Sprint Communications Company L.P. (collectively, "Sprint" or "Plaintiffs").  Sprint has attempted to resolve this dispute in compliance with Local Rule 37.3(a).  Specifically, Defendant Chaim Weiss has indicated that he will not appear for his noticed deposition on December 22, 2015,[1] or appear at any time within the discovery period, and (2) Defendant has improperly refused to produce responsive documents and information to Sprint's Interrogatories and Request for Production of Documents[2] based on improper objections.  Sprint respectfully requests that the Court order Defendant to appear for his deposition as noticed and compel him to promptly produce complete documents and information, as identified in detail in Sprint's good faith letter[3], and award Sprint its attorneys' fees and costs incurred in making this motion.

### I.    Relevant Discovery Posture

      On November 30, 2015, Sprint served Defendant a notice of deposition setting him on December 22, 2015 at 10:00 a.m.  On November 30, Sprint also served Defendant a Rule 37 good faith letter raising several discovery issues, including his improper objections to Sprint's document requests and interrogatories based on attorney-client privilege, which has been waived by Defendant who placed at issue the substance of his communications with his prior counsel regarding the settlement in this case and by publicly filing written communications between himself and Mr. Moza.  *See* **Exhibit D**.  On December 1st, Defendant noticed the deposition of Sprint's witnesses to take place on December 18th and 21st.  Later on December 1st, counsel for

---

[1] Notice and Amended Notice of Deposition are attached as **Exhibit A**.
[2] Sprint's Written Discovery (composite **Exhibit B**) and Defendant's Responses to Written Discovery (composite **Exhibit C**).
[3] Sprint's November 30, 2015 FRCP 37 good faith letter, is attached as **Exhibit D**.

102875215.2

The Hon. Robert M. Levy
December 16, 2015
Page 2

the parties spoke at length on various issues, during which defense counsel stated that Defendant would not concede that he waived privilege; defense counsel did not indicate at that time that Weiss was unavailable to be deposed as noticed. On December 4th, counsel for the parties agreed that in the interest of efficiency and conserving expenses, all depositions would be conducted on two consecutive days and further discussed possible alternate deposition dates; at that time defense counsel indicated that he was not available on December 17th, he did not indicate that Defendant was unavailable on any date before the close of discovery. On December 7th, Sprint proposed taking all depositions on December 21st and 22nd and reiterated the intention to take Mr. Weiss' deposition on December 22nd at 9:00 a.m.[4] On December 9th, defense counsel indicated that he had not discussed the new Sprint deposition dates with Defendant; the date of Weiss' deposition, however, had not changed and there was still no indication that he was unavailable. As the December 23rd deposition deadline was quickly approaching, Sprint served a revised notice of deposition on Weiss with the sole change being the time of the deposition. *See* **Exhibit A**. Not until December 14th did defense counsel indicate for the first time that Defendant was unavailable on December 22nd and that he would not appear for his noticed deposition.[5] By letter dated today, December 16th, Defendant implied that he is not prepared to take any of the previously noticed Sprint witness depositions during the discovery period either.[6]

## II.     Defendant Must be Ordered to Appear for Deposition Within the Discovery Period

Defendant must appear for deposition during the prescribed discovery period. As the Court is aware, all depositions were ordered to take place by December 23rd [September 23, 2015 Docket Text Order] and Defendant is refusing to appear within this discovery period based on his apparent unavailability that was not communicated to Sprint until **two weeks after** his deposition was noticed. Defendant's delay tactics are not good cause to postpone his deposition or extend the discovery deadline. *See Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2007 WL 1429431, at *2 (E.D.N.Y. May 7, 2007) *report and recommendation adopted*, No. 04 CV 3736 (ILG), 2007 WL 2088875 (E.D.N.Y. July 19, 2007) ("[a] finding of good cause depends on the diligence of the moving party") (citing *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *Jones v. J.C. Penny's Dep't Stores Inc.*, 317 F. App'x 71, 75 (2d Cir. 2009) (moving party's lack of diligence was not good cause to extend discovery deadline). Moreover, Sprint's witnesses are prepared to appear for depositions before the close as discovery, however, Defendant has indicated that he will not take these depositions as noticed or at any other time before the close of discovery. *Id.*; *see* **Exhibit G**.

## III.    Defendant has Waived the Attorney-Client Privilege and Objections Based on Same

Defendant improperly objected to all of Sprint's Requests for Production ("RFPs") and 3 of Sprint's Interrogatories based on attorney-client privilege. *See* **Exhibit C**. As set forth in Sprint's September 15th letter to the Court [DE 81] and November 30th good faith letter, Defendant has affirmatively and repeatedly waived the privilege as it relates to his communications with his prior

---

[4] December 7, 2015 email from J. Yasko to J. Hermina, attached as **Exhibit E**.
[5] December 14, 2015 email from J. Hermina to J. Yasko is attached as **Exhibit F**.
[6] Defendant's December 16, 2015 letter to J. Yasko is attached as **Exhibit G**.

The Hon. Robert M. Levy
December 16, 2015
Page 3

counsel, Meir Moza.[7] *See* **Exhibit D**. Defendant has put his communications with his counsel squarely at issue in this case. For example, during the November 6, 2013 conference before Your Honor to discuss Sprint's intention to move to enforce the settlement agreement, Defendant disclosed, on the record and in detail, many specific communications he had with Mr. Moza directly related to this matter, including the advice of counsel he purportedly relied upon when executing the agreement. [DE 48, *inter alia*, at pp. 18:13-22, 19:7-10, 24:18-20, 26:7-9, 29:22-30:11]. Then, in his Opposition to Sprint's Motion to Enforce Settlement Agreement and Affirmation in support of same, Defendant again divulged his conversations with Mr. Moza and attached copies of emails exchanged between himself and Mr. Moza as evidence to support his only argument in opposition—that his lawyer did not fully explain the agreement to him and that he did not understand the terms. [DE 65, *inter alia*, Weiss' Affirmation]. Defendant Weiss' exclusive defense to enforcement of a mutually agreed upon and executed settlement turns on his understanding of the agreement and his claims that he was not properly advised by his counsel. Under circumstances such as here, the law is clear that Defendant waived the attorney-client privilege and Sprint must be permitted to scrutinize the relevant communications. "When a defendant places at issue what it knew or believed regarding the conduct in question, it implicitly waives the privilege because its adversary, in fairness, must be allowed inquiry into the basis of that knowledge or belief." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 547, 556 (S.D.N.Y. 2013); *Gardner v. Major Auto. Companies, Inc.*, No. 11-1664, 2014 WL 1330961, at *3 (E.D.N.Y. March 31, 2014); *see Sprint's full legal argument at* DE 81.

In his written discovery responses, Defendants also objects to producing certain responsive documents by asserting the position that "the parties should not be permitted to violate the confidentiality, which attaches to the settlement conference." *See* **Exhibit C**. This position is incongruent with his refusal to join in the protective order, which would alleviate any concerns over confidentiality and is not a valid objection. Further, Defendant has failed to produce even non-privileged documents related to, *inter alia*, his communications with Sprint's counsel and publically filed documents, to which he has not objected.

Sprint respectfully requests that the Court 1) find that Defendant Weiss has affirmatively waived attorney-client privilege with respect to communications with Meir Moza regarding the settlement of this case, 2) order Defendant Weiss to withdraw his improper objections, and 3) compel Defendant to provide complete written discovery responses and responsive documents immediately. *Tangorre v. Mako's, Inc.*, No. 01-4430, 2002 WL 206988, at *1 (S.D.N.Y. Feb. 8, 2002) ("When a party fails to respond to discovery requests, Rule 37 permits the requesting party to apply for an order compelling disclosure or discovery").

### IV.    Sprint is Entitled to its Attorneys' Fees and Costs

Under Rule 37(a)(5), Sprint is entitled to recover its attorneys' fees and costs incurred as a result of filing this Motion with respect to Defendant's improper written discovery objections

---

[7]Mr. Moza has taken the position with Sprint's counsel that he will not appear for his noticed deposition and answer any questions—including questions that deal with non-privileged communications between counsel for the opposing parties—unless the Court issues an order finding the privilege is waived and directs him to testify. *See* December 16, 2015 letter from M. Moza to S. Sutton, attached as **Exhibit H**.

The Hon. Robert M. Levy
December 16, 2015
Page 4

and failure to produce documents and information. Fed. R. Civ. P. 37(a)(5). Sprint made good faith attempts to resolve these discovery issues without Court intervention. *S.E.C. v. Yorkville Advisors, LLC*, No. 12-7728, 2015 WL 855796, at *3-6 (S.D.N.Y. Feb. 27, 2015) (awarding attorneys' fees and costs to prevailing party on Rule 37 motion to compel discovery).[8]

    Thank you for your consideration.

    Sincerely,

    CARLTON FIELDS JORDEN BURT, P.A.

    */s/ Jennifer A. Yasko*

    Jennifer A. Yasko

---

[8] If the Court grants Sprint's request, Sprint will submit itemized documentation of its litigation expenses.

102875215.2